IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cr-000494-LTB
(Removal from Municipal Court, Minturn, Colorado,
*People of the State of Colorado, Town of Minturn v. Dusleana Brown*,
Case No. 2012-000013)

PEOPLE OF THE STATE OF COLORADO,
TOWN OF MINTURN,

    Plaintiffs,

v.

DUSLEANA BROWN,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

Dusleana Brown has filed *pro se* a Notice of Removal stating that she is removing to this Court a Uniform Summons and Complaint issued by the Town of Minturn, by and on behalf of the People of the State of Colorado, in Case No. 2012-00013. [*See* Doc. ## 1, at 11, 32]. The Court must construe the notice of removal liberally because Ms. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal." Ms. Brown challenges the basis for the issuance of the criminal citation and asserts that Town of Minturn officials have violated her civil rights and the rights of others under 42 U.S.C. § 1983. Construing the notice of removal

liberally, the Court is unable to ascertain any legitimate basis for removal of this action under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Ms. Brown makes no factual allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces.

Further, to the extent Ms. Brown seeks to remove this action pursuant to 28 U.S.C. § 1443, she has failed to allege appropriate grounds for the removal. The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Ms. Brown complains in the Notice of Removal that certain Town of Minturn officials have violated her civil rights in issuing the criminal citation. However, she does not allege that she is being discriminated against on the basis of her race in the state criminal prosecution.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Ms. Brown has failed to provide the court with specific factual allegations regarding her inability to enforce her constitutional rights in the state court criminal prosecution.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Ms. Brown has also failed to demonstrate a basis for removal pursuant to 28 U.S.C. § 1443(2).  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Ms. Brown does not allege that she is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

In sum, because it clearly appears on the face of the notice of removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4).  Accordingly, it is

ORDERED that Case No. 2012-000013 is remanded summarily to the Municipal Court of Minturn, Colorado.  It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Municipal Court of Minturn, Colorado.

DATED at Denver, Colorado, this  17th  day of    December         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court